IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN KALIP PRESSWOOD,           )
                                )
                Plaintiff,      )
                                )
        v.                      )       1:17CV1078
                                )
UNIVERSAL HOLDINGS              )
LOGISTICS, INC., et al.,        )
                Defendants.     )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on an Application for Leave to Proceed In Forma Pauperis filed by Plaintiff John Kalip Presswood. In an earlier Order [Doc. #4], the Court considered Plaintiff's Application, explained how his Complaint was deficient, and ordered him to file an amended complaint correcting the noted defects within 30 days of the date of the Court's Order. The Court warned Plaintiff that failure to amend would result in dismissal of his case. Plaintiff has not filed an amended complaint to correct the deficiencies previously noted by the Court. Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not

without its problems.  Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

In this case, Plaintiff fails to state a claim for relief in his Complaint. Plaintiff submitted the Complaint on a Court form for bringing actions for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. As the Court previously noted, while Plaintiff checked boxes indicating that he is alleging employment discrimination on the basis of race or color, Plaintiff failed to allege any facts supporting his claims against the named defendants. In addition, the Complaint names numerous individuals as defendants who may be supervisors or co-workers and therefore not proper defendants. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998) (holding that "Congress only intended employers to be liable for Title VII violations" and "[t]o permit individual liability would improperly expand the remedial scheme crafted by Congress."). The Court noted these deficiencies and allowed Plaintiff 30 days to file an amended complaint, but almost 2 months have passed, and Plaintiff has failed to file an amended complaint correcting the noted deficiencies. Plaintiff was specifically warned in the Court's earlier Order that failure to file an

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

amended complaint alleging facts supporting his claims would result in this action being dismissed without prejudice.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

This, the 13th day of April, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge